Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahwah, New Jersey 07430
201-529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
--------------------------------X
In Re:
Joao P Jesus
    Debtor
-----------------------------         Case No. 08-20559
Jose Pinto
    Plaintiff         Adv. Proc. No. 08-
-v-

Joao P Jesus
    Defendants
--------------------------------X

## COMPLAINT

    Plaintiff, Jose Pinto, by his attorneys, Law office of Shmuel Klein, PC complaining of the defendants, Joao P Jesus , Defendant, respectfully shows to the Court and alleges:

    Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 11 USC §547 and §548 and §727 in that this action arises in and relates to the bankruptcy case of Joao P Jesus, filed as an voluntary Chapter 7 on September 28, 2008. This proceeding is a core proceeding under 28 U. S. C. § 157(b)(2)(H).  The Defendant/Debtor is a resident of New Jersey.  The Plaintiff is a resident of the New Jersey.

FIRST:    Plaintiff, is a creditor of the Debtor/Defendant Joao P Jesus.  On or about November 3, 2003, the Plaintiff and Defendant started a concrete company together and named it J & P Concrete, Inc. Each contributed capital and signed guarantees on promissory notes for trucks, and equipment.  The business operate ver profitably earning more than $1,000,000.00 annually.

SECOND:    After two years of business, Plaintiff discovered that Defendant was converting payments due to the corporation for concrete work performed in the approximate amount of $200,000.00.  Further,

Defendant would estimate and contract concrete jobs using the corporation's trucks and tools on the side in the approximate amount of more than $500,000.00.

THIRD: To the extent that the claims herein arise pursuant to Bankruptcy Code Section 547, plaintiff is asserting the rights as a creditor against any claim of Joao P Jesus, and the transfer of the property from Joao P Jesus to parties unknown is a violation of the parties agreement and is a fraudulent conveyance.

FOURTH: Prior to the order for relief, the debtor was insolevent.

FIFTH: Upon information and belief, Debtor/Defendant Joao P Jesus did sell, dispose or secret said property.

SIXTH: Upon information and belief, the property and cash totaled over $1,000,000.00.

SEVENTH: The consideration was a sham and was not adequate consideration for the property.

EIGHTH: Upon information and belief, the sale was within 90 days of the filing and is avoidable as a fraudulent conveyance.

NINTH: The transfers were without adequate consideration and were fraudulent transfers.

## SECOND CAUSE OF ACTION

TENTH: The plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through "NINTH", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

ELEVENTH: The conveyances are void and must be set aside as fraudulent conveyances.

## THIRD CAUSE OF ACTION

TWELFTH: The plaintiff, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through " ELEVENTH ", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

THIRTEENTH: Debtor did represent to Plaintiff at all times that he was putting all of his efforts and time in working, collecting funds and contracting for jobs, exclusively for the corporation and the profits to be distributed to Plaintiff therefrom.

FOURTEENTH: Debtor knew said representations were false when he made them and had no intent to ever make any payment to the plaintiff.

FIFTEENTH: Plaintiff is entitled to have its debt declared non-dischargeable.

## FOURTH CAUSE OF ACTION

SIXTEENTH: The plaintiff, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through " FIFTEENTH ", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

SEVENTEENTH: As a result of the foregoing and by reason of the breach of contract and the willful, misrepresentations of the debtor/defendant, Joao P Jesus, the plaintiff is entitled to a judgement in the amount of $1,000,000.00 for the value of the property, converted cash and jobs plus costs, interest, and attorney fees.

## FIFTH CAUSE OF ACTION

EIGHTEENTH: The plaintiff, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through " SEVENTEENTH", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

NINETEENTH: As a result of the foregoing and by reason of the willful, wanton conduct of the defendants, the plaintiff, is entitled to a judgement finding the plaintiffs claims fully non-dischargable because of the forgoing conduct of the defendant in fraudulently conveying the property without adequate consideration to avoid his creditors.

TWENTIETH: That said conduct of the debtor/defedndant constitutes false pretenses, false representations and/or actual fraud that was materially false and on which the defendant is liable and that the debtor caused to be made with intent to deceive within the meaning of 11 USC §523(a)(2)(A), 523(a)(3), 523(a)(4), of the United States Bankruptcy Code.

## SIXTH CAUSE OF ACTION

TWENTYFIRST: The plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through " TWENTIETH ", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

TWENTYSECOND:  Debtor failed to list numerous trucks, equipment, his new corporation, his interest in a BMW, his interest in real property and the subtstantial sums of cash taken from the business in his filed schedules and statement of financial affairs.

TWENTYTHIRD:  The omission of said items are material mis-representations which debtor wilfully omitted in his petiton, schedules and statement of financial affairs which must bar his discharge and judgment be entered in a monetary sum.

## SEVENTH CAUSE OF ACTION

TWENTYFOURTH:  The plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through " TWENTYTHIRD", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

TWENTYFIFTH:  Debtor/Defendant Joao P Jesus is in breach of his agreement to pay.

TWENTYSIXTH:  As a result of the foregoing and by reason of the breach of contract and the willful, misrepresentations of the debtor/defendant, Joao P Jesus, the plaintiff is entitled to a judgement in the amount of $1,000,000.00 for the value of the property, converted cash and jobs plus costs, interest, and attorney fees.

## EIGHTH CAUSE OF ACTION

TWENTYSEVENTH:  The plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs designated "FIRST" through " TWENTYSIXTH ", inclusive of this complaint with the same force and effect as if fully set forth herein at length.

TWENTYEIGHTH:  Said conduct of the Debtor\Defendant constitutes a violation of 727(a)(2) in that the Debtor\Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition;

TWENTYNINTH:  Said conduct of the Debtor\Defendant constitutes a violation of 727(a)(3) in that the Debtor\Defendant, has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any

recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified

THIRTIETH: Said conduct of the Debtor\Defendant constitutes a violation of 727(a)(4) in that the Debtor\Defendant knowingly and fraudulently, in or in connection with the case -

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to debtor's property or financial affairs;

THIRTYFIRST:  Said conduct of the Debtor\Defendant constitutes a violation of 727(a)(5) in that the Debtor\Defendant has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

WHEREFORE, plaintiff, demands judgment against defendant, Joao P Jesus, in the amount of $1,000,000.00, further, setting aside any conveyance of Plaintiff's property, on each and every one of its causes of actions stated herein; and an order of this Court ajudging Plaintiff's claim non-dischargable pursuant to the Bankruptcy Code and Rules, together with the costs and disbursements and attorney fees.

Dated: Mahwah, NJ                                           /s/ Shmuel Klein
     September 3, 2008                              Law Office of Shmuel Klein, P.C.
                                                           Attorney for Plaintiff