Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahwah, New Jersey 07430
201-529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------X
In Re:
Joao P Jesus
          Debtor
-----------------------------          Case No. 08-20559

Jose Pinto
          Plaintiff                    Adv. Proc. No. 08-02182

-v-
Joao P Jesus
          Defendants
-----------------------------X

## MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that, a motion for approval of confidential settlement
will be made as set forth below:

|                          |                                              |
|--------------------------|----------------------------------------------|
| JUDGE:                   | Hon. Rosemary Gambardella                    |
| RETURN DATE AND TIME:    | May 13, 2009 11:00 am                        |
| PLACE:                   | U.S. Bankruptcy Court                        |
|                          | 50 Walnut Street, 3rd Floor Courtroom E      |
|                          | Newark, N.J. 07102                           |

PLEASE TAKE FURTHER NOTICE that all opposition to the Motion must
be in writing and filed with the Clerk of the Court, with a copy served upon movant's
counsel, whose name and address are set forth above, within the time required by
the rules governing the Court.

PLEASE TAKE FURTHER NOTICE that if written opposition is not timely
filed and served this Motion shall be deemed uncontested and the relief requested
may be granted without the need for a hearing.

PLEASE TAKE FURTHER NOTICE that in support of the Motion, movant shall rely upon the annexed certification(s) of Plaintiff Jose Pinto and shall also rely upon the brief filed and served herewith.

A proposed form of Order is filed and served herewith.

Movant requests oral argument only if written opposition is timely filed and served. Movant requests an appearance be waived and agrees to have the matter heard on submission if no opposition is filed.

Dated: April 27, 2009                                   /s/ Shmuel Klein

                                                        _____
                                                        Shmuel Klein

Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahwah, New Jersey 07430
201-529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------X
In Re:
Joao P Jesus
     Debtor
----------------------------         Case No. 08-20559

Jose Pinto
     Plaintiff         Adv. Proc. No. 08-02182
-v-
Joao P Jesus
     Defendants
----------------------------X

## CERTIFICATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

     I, Jose Pinto, the debtor herein state that I have knowledge of the following and believe it to be true.

1.     This certification is in support of the motion for summary judgment against the Defendant to declare the debts of your movant non-dischargeable.

2.     Defendant made numerous statements in writing to the Plaintiff respecting the debtor's financial condition, at the inception of the relationship between myself, Plaintiff and Defendant and at several times thereafter. As seen by the exhibits annexed hereto show a witten pattern of statements in writing which are materially false repecting the debtor's financial condition and upon which I relied.

3.     As seen in Exhibit A, the debtor raided our company account in the amount of $10,000.00 on a teller check to deliberately avoid detection. Had he used a check from our checkbook, I would have immediately questioned this. He knew that by going to the bank and using a teller check, the transaction would not be detected for months.

4.      As seen in Exhibit B, the debtor raided our company account in the amount of $2,400.00. He went to the bank and made a direct withdrawal. He did this to also avoid detection.

5.      As seen in Exhibit C, the debtor changed the name on our pay-roll checking account to his personal name. The account statement for account number 0475740475 at Union State Bank for the month of 05/31/2007 states J&P Concrete. The same bank account number for 06/30/07 suddenly states the name of the Defendant.

6.      As seen in Exhibit D, the debtor raided our company account in the amount of $5,420.00 on a beginner check book given by the bank when an account is opened, also to deliberately avoid detection. Had he used a check from our checkbook, I would have immediately questioned this. He knew that by using check #99 of our old checkbook, the transaction would not be detected for months.

7.      As seen in Exhibit E, the debtor raided our company account in the amount of $20,000.00 on a business check in an HSBC account which I do not usually see to deliberately avoid detection. Had he used a check from our regular business checkbook, I would have immediately questioned this.

8.      As seen in Exhibit F, the debtor raided our company account in the amount of $2,500.00 on a business check.

9.      As seen in Exhibit G, upon information and belief, the debtor pocketed our accounts receivables in the total amount of $186,486.25 which money was not deposited to your bank account. Conspicuously, none of these recievables are listed in the debtors schedules, although, he lists other receivables owned by J&P Contracting as his own in his schedule B #16 and then exempts them in Schedule C.

4

10.    Further, the debtor transferred all of the vehicles owned by our company into is sole name and Defendant failed to list in his petition and schedules the following:

> 2006 White Diesel concrete pump
>
> 2006 Green Ford F350 Diesel Pickup Truck
>
> 2004 Black Ford F350 Truck
>
> 1997 White Ford F350 pick up truck
>
> 1998 Grey Chevy C3 500 pick up truck
>
> 1997 Blue Ford F3500 Diesel pickup truck
>
> 2004 White Sterling Bumb truck (flatbed) diesel truck
>
> 2001 White Dodge Vam 2500 8 Passenger van

The Debtor's interest in power tools, mechanical tools in the approximate amount $30,000 00

11.    Upon information and belief the Defendant also made numerous insider transfers to the debtor's girlfriend Omery Ferreira of cash, property and business transactions.

12.    The Defendant, with "intent to hinder, delay, or defraud a creditor and/or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition" ll in violation of §727 as enumerated above.

13.    The Debtor\Defendant has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the debtor's liabilities.

14.    Upon information and belief, the Debtor has refused to provide any required documents requested by the Chapter 7 Trustee, further deleying this case.

WHEREFORE, plaintiff, demands an order of this Court ajudging Plaintiff's claim non-dischargable pursuant to the Bankruptcy Code and Rules, together with the costs and disbursements and attorney fees.

Dated: April 28, 2009
       Mahwah, NJ           /s/ Jose Pinto
                          Jose Pinto

Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahwah, New Jersey 07430
201-529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
------------------------------X
In Re:
Joao P Jesus
     Debtor

------------------------------          Case No. 08-20559

Jose Pinto
     Plaintiff             Adv. Proc. No. 08-02182

-v-
Joao P Jesus
     Defendants
------------------------------X

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, Jose Pinto, by and through his attorney, Law Office of Shmuel
Klein, PC and submits this Memorandum of Law in support of his motion for summary
judgment.

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

1.     The Defendant, Joao P Jesus ("Defendant"), filed a Chapter 7 bankruptcy
case
on 06/05/2008. Prior to filing the petition, Defendant owned J & P Concrete which
operated a concrete and construction business ("J&P"). The Plaintiff, Jose Pinto ("Pinto"
or "Plaintiff") is an equity share-holder of J&P. Plaintiff filed this adversary proceeding
objecting to discharge and dischargeability on 09/04/2008. An amended complaint was
filed 09/28/2008.

2.     On or about November 3, 2003, the Plaintiff and Defendant started a
concrete company together and named it J & P. Each of the parties herein contributed
capital and signed guarantees on promissory notes for trucks, and equipment. The
business operated very profitably earning more than $1,000,000.00 annually.

3.    After two years of business, Plaintiff discovered that Defendant was converting payments due to the corporation for concrete work performed in the approximate amount of $200,000.00. Further, Defendant would estimate and contract concrete jobs using the corporation's trucks and tools on the side, and pocket the money in the approximate amount of more than $500,000.00.

### PLAINTIFF'S CONTENTIONS

4.    Plaintiff's complaint asserts five causes of action against the Debtor/Defendant. Plaintiff has alleged that Debtor/Defendant Joao P Jesus did sell, dispose or secret said property close to over $1,000,000.00. Plaintiff also asserts that Debtor failed to list said assets in this case, in violation of §727(a)(4) and that Debtor has made numerous false oaths in violation of §727(a)(3) and (2).

5.    As seen in the Certification in support of this motion, the Plaintiff also alleges that the conduct of the debtor/defedndant constitutes false pretenses, false representations and/or actual fraud that was materially false and on which the defendant is liable and that the debtor caused to be made with intent to deceive within the meaning of 11 USC §523(a)(2)(A), 523(a)(3), 523(a)(4), of the United States Bankruptcy Code.

6.    As seen in the Certification in support of this motion, the In addition to the aforementioned allegations, Plaintiff contends that the Debtor failed to list numerous trucks, equipment, his new corporation, his interest in a numerous vehicles listed below, his interest in real property and the subtstantial sums of cash taken from the business in his filed schedules and statement of financial affairs.

7.    As seen in the Certification in support of this motion, the Plaintiff also alleges that said conduct of the Debtor\Defendant constitutes a violation of 727(a)(2) in that the Debtor\Defendant, with intent to hinder, delay, or defraud a creditor and/or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed,

destroyed, mutilated, or concealed property of the debtor, within one year before the date
of the filing of the petition; or property of the estate, after the date of the filing of the
petition;

8.    As seen in the Certification in support of this motion, the conduct of the
Debtor/Defendant constitutes a violation of 727(a)(3) in that the Debtor/Defendant, has
concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded
information, including books, documents, records, and papers, from which the debtor's
financial condition or business transactions might be ascertained, unless such act or
failure to act was justified

9. As seen in the Certification in support of this motion, the conduct of the
Debtor\Defendant constitutes a violation of 727(a)(4) in that the Debtor\Defendant
knowingly and fraudulently, in or in connection with the case -

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a
promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any
recorded information, including books, documents, records, and papers, relating to
debtor's property or financial affairs;

10.    Said conduct of the Debtor\Defendant constitutes a violation of 727(a)(5) in
that the Debtor\Defendant has failed to explain satisfactorily, before determination of
denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet
the debtor's liabilities.

11.    Specifically, Defendant failed to list in his petition and schedules the
following:

2006 White Diesel concrete pump

2006 Green Ford F350 Diesel Pickup Truck

2004 Black Ford F350 Truck

1997 White Ford F350 pick up truck

1998 Grey Chevy C3 500 pick up truck

1997 Blue Ford F3500 Diesel pickup truck

2004 White Sterling Bumb truck (flatbed) diesel truck

2001 White Dodge Vam 2500 8 Passenger van

The Debtor's interest in power tools, mechanical tools in the approximate amount

$30,000.00

Numerous insider transfers to the debtor's girlfriend Omery Ferreira of cash,

property and business transactions.

## DEFENDANTS' CONTENTIONS

The Defendant has denied all allegations contained in Plaintiff's complaint but has

not substantiated his denials.

## APPLICABLE STANDARDS FOR RULE 56 MOTIONS

The standards applicable to a motion for summary judgment in this proceeding

are set forth in F. R. Civ. P. 56, which is incorporated by F.R.Bankr. P. 7056. In

particular:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any, show that
> there is no genuine issue as to any material fact and that the moving party is entitled to a
> judgment as a matter of law.

F.R.Civ.P. 56( c).

The United States Supreme Court provided the standards in deciding motions for

summary judgment under F.R.Civ.P. 56. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In deciding a motion for summary judgment, the trial judge must necessarily

consider the substantive evidentiary standard of proof that would apply at the trial on the

merits. *See Anderson*, 477 U.S. at 252. "Thus in ruling on a motion for summary

judgment, the Judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id* at 254.

The "mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson*, 477 U.S. at 247-248 (emphasis in original).

These standards were stated in *United States ex Rel. Haskins v. Omega Inst., Inc.* 11 F. Supp. 2d. 555 (D.N.J. 1998):

> Supreme Court decisions mandate that a summary judgment motion must be granted unless the party opposing the motion provides evidence such that a reasonable jury could return a verdict for the nonmoving party. *Lawrence v National Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996) (quoting *Anderson*, 477 U.S. at 248). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). The non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Serbin*, 96 F.3d at 69 n.2 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)); *see also Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (declaring that non-movant may not "rest upon mere allegations, general denials, or . . . vague statements"). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

*See also United States v. Branella*, 972 F. Supp. 294 (D.N.J. 1997); *Federal Ins. Co. v. Purex Indus.*, 972 F. Supp. 872 (D.N.J. 1997).

## BURDEN OF PROOF

Plaintiff must prove each and every element in order to prevail under a nondischargeability action under 11 U.S.C. 523(a)(2)(B) and 11 U.S.C. 523(a)(4), by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991) ; *In re Cohn*, 54 F.3d 1108 (3d. Cir. 1995); *In re Kimzey*, 761 F.2d 421 (7th Cir. 1985). *See also* 4 COLLIER ON BANKRUPTCY, ¶ 523.08[2] at p. 523- 46.

There is no question that the foregoing items enumerated in the Plaintiff's Certification, filed herewith were deliberately omitted from Defendant's amended petition. As the date of this application and repeated requests by the Chapter 7 Trustee, the debtor has failed to give any explanation for the wilful omissions.

There is no question that the substantial raiding of the assets of Plaintiff's joint business satisfy 523 and 727.

## LEGAL ARGUMENT

### POINT I:  ELEMENTS OF 523 MET

To prevail under 11 U.S.C. §523(a)(2)(B) the Plaintiff must prove, by a preponderance of the evidence, that a debt was obtained (1) by the use of a statement made by the debtor, (2) in writing, (3) that is materially false (not just factually incorrect), (4) respecting the debtor's or an insider's financial condition, (5) on which the creditor to whom the debtor is liable for money, property, services or credit reasonably relied, and (6) that the debtor caused to be made or published with intent to deceive. *In re Cohn*, 54 F.3d 1108 (3d. Cir. 1995). *See also* 4 COLLIER ON BANKRUPTCY, ¶ 523.08[2] at p. 523-46. The requirement of a writing is a basic precondition to nondischargeability under § 523(a)(2)(B). 4 COLLIER ON BANKRUPTCY, ¶523.08[2] at p. 523- 46.

It is indisuputable that Defendant made numerous statements in writing (the checks, the withdrawals and the pocketing of the receivables) respecting the debtor's or an insider's financial condition, either at the inception of the relationship between Plaintiff and Defendant and at several times thereafter. Plaintiff's Certification and the exhibits annexed thereto show a witten pattern of statements in writing by the Defendant which are materially false repecting the debtor's financial condition and upon which Plaintiff relied. The Debtor's own petition is riddled with omissions.

The Defendants own business affairs are riddled with misrepresentations.

12

**POINT II:**    **Fiduciary relationship between the Plaintiff and Defendant exixts**
          **pursuant to 11 U.S.C. §523(a)(4).**

To prevail under 11 U.S.C. §523(a)(4), under the assertion that debts allegedly

due arose due to a debtor's fraud or defalcation while acting in a fiduciary capacity, a

plaintiff must first prove the existence of a fiduciary relationship. Under §523(a)(4) the

term "fiduciary" is narrowly construed; there must be a clearly defined trust or fiduciary

relationship created by law outlining the debtor's fiduciary duties and specifically

identifying the trust. If state law does not clearly and expressly impose trust-like

obligations on a party, the court will not assume that such duties exist and will not find

that there was a fiduciary relationship:

> The qualification that the debtor be acting in a fiduciary capacity has consistently, since its
> appearance in the Act of 1841, been limited in its application to what may be described as
> technical or express trusts, and not trusts *ex-maleficio* that may be imposed because of the very act
> of wrongdoing out of which the contested debt arose. The trust relationship must predate and exist
> apart from the act from which the underlying indebtedness arose.

4 COLLIER ON BANKRUPTCY, ¶523.10[1][d] at p. 523- 72.1.

Certain relationships are generally recognized as involving fiduciary obligations

within the meaning of 523(a)(4), including executors and administrators, *See, In re Nied,*

155 B.R. 1691 (Bankr. S.D. OH 1993) and guardians *See, In re Dauterman,* 156 BR 976

(Bankr. N.D.OH 1993). As a partner, there was a fiduciary relationship from one partner

to the other.

## **CONCLUSION**

For the foregoing reasons Defendant respectfully requests that the Court enter an

Order granting partial summary judgment against Defendant.

WHEREFORE, plaintiff, demands an order of this Court ajudging Plaintiff's

claim non-dischargable pursuant to the Bankruptcy Code and Rules, together with the

costs and disbursements and attorney fees.

Dated: April 28, 2009
      Mahwah, NJ          /s/ Shmuel Klein
                           Law Office of Shmuel Klein, P.C.
                           Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Shmuel Klein, Esq., an attorney admitted to practice before this Court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I am associated with the Law Office of Shmuel Klein located at 113 Cedarhill Ave., Mahwah, NJ and I served the within Motion, Certification, Exhibits and Memorandum of Law on April 28, 2009, by depositing a true copy thereof in a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New Jersey, first class mail, addressed to the following persons:

**Joao P Jesus**
534 Watson Avenue
Lyndhurst, NJ 07071

**Herbert B. Raymond**
7 Glenwood Avenue
Suite #408, 4th Floor
East Orange, NJ 07017

**Charles M. Forman**
Forman, Holt Eliades & Ravin LLC
80 Route 4 East
Paramus, NJ 07652

Dated: April 28, 2009
      Mahwah, NJ          /s/ Shmuel Klein
                           Law Office of Shmuel Klein, P.C.
                           Attorney for Plaintiff

Front

Name _J & P Concrete Inc_                          1263

Account No. _475 740 475_         Date _06-28-07_

Pay to the
Order of _UNION STATE BANK_    $ _10,000_

_(Ten Thousand)_ _____ Dollars

**UNION STATE BANK**

For _____

⑈0219059771⑈ 475⑈74047⑈51⑈  1263

Back

Press any of the menu buttons above to continue.

☐ E-Mail

A

# rovident Bank



**PROVIDENT BANK**
**DEBIT MEMO**

DATE 11/20/07

ACCOUNT NUMBER  10000452997

WE DEBIT YOUR ACCOUNT FOR THE FOLLOWING REASON    AMOUNT

Withdrawl
10-50-9112345.50 cp. 10-11-10  2400 00

TOTAL AMOUNT

Jesus P. Joao.    $    2400.00

0005

TRAN CODE  145

ck# 0    Amt $2,400.00    12/3/2007

Check 0 Back

Money Market W/D

ck# 144    Amt $3,0

Check 144 Back

# USB UNION STATE BANK

USB FINANCIAL CENTER, 100 DUTCH HILL ROAD, ORANGEBURG, NY 10962      (800) 616-3491

************AUTO**5-DIGIT 10954
2608 0.9900 AV 0.312   11 1 220
J & P CONCRETE INC
15 FISHER AVENUE
NANUET NY 10954-2603

**Statement Date:** 05/31/2007
**Account Number:** 475740475

**CYCLE-001**

**Page:** 1
**Enclosures:** 36

## Checking
## *BUSINESS BANKING ADV*

ACCOUNT NUMBER   0475740475

| PREVIOUS STATEMENT BALANCE AS OF 04/30/07 | | 3,155.77 |
|---|---|---|
| PLUS    10  DEPOSITS AND OTHER CREDITS | | 48,829.03 |
| LESS    47  CHECKS AND OTHER DEBITS | | 47,998.85 |
| LESS        CYCLE SERVICE CHARGE | | 25.00 |
| CURRENT STATEMENT BALANCE AS OF 05/31/07 | | 3,960.95 |
| NUMBER OF DAYS IN THIS STATEMENT PERIOD     31 | | |

## Check Transactions

| SERIAL | DATE | AMOUNT | | SERIAL | DATE | AMOUNT | |
|---|---|---|---|---|---|---|---|
| 1160 | 05/24 | 2,093.79 | ? | 2215 | 05/15 | 1,815.34 | ? |
| 1161 | 05/24 | 2,093.79 | | 2216 | 05/15 | 517.04 | |
| 2197* | 05/03 | 1,836.63 | | 2217 | 05/15 | 465.17 | |
| 2198 | 05/11 | 2,093.79 | ? | 2218 | 05/14 | 528.17 | |
| 2199 | 05/09 | 1,760.00 | | 2218 | 05/23 | 528.17 | |
| 2200 | 05/01 | 552.86 | | 2219 | 05/15 | 776.02 | |
| 2201 | 05/07 | 253.48 | | 2220 | 05/17 | 573.44 | |
| 2202 | 05/01 | 205.20 | | 2221 | 05/22 | 815.34 | |
| 2204* | 05/16 | 315.68 | | 2222 | 05/21 | 517.04 | |
| 2206* | 05/08 | 815.34 | | 2223 | 05/22 | 465.17 | |
| 2207 | 05/07 | 466.27 | | 2224 | 05/21 | 528.17 | |
| 2208 | 05/07 | 438.73 | | 2226* | 05/24 | 573.44 | |
| 2209 | 05/08 | 528.17 | | 2227 | 05/29 | 1,836.63 | |
| 2210 | 05/15 | 776.02 | | 2230* | 05/30 | 815.34 | |
| 2211 | 05/07 | 573.44 | | 2231 | 05/29 | 460.64 | |
| 2212 | 05/16 | 1,836.63 | | 2232 | 05/30 | 412.17 | |
| 2213 | 05/14 | 2,093.79 | | 2233 | 05/29 | 415.66 | |
| 2214 | 05/16 | 1,760.00 | | 2234 | 05/31 | 522.67 | |

VOIDED by 1160

VOIDED by 1161

VOIDED

## Account Transactions

| DATE | DESCRIPTION | DEBITS | CREDITS |
|---|---|---|---|
| 05/04 | AC-PAYCHEX TPS       -TAXES | 1,277.73 | |
| 05/07 | DEPOSIT TRANSACTION | | 10,230.00 |
| 05/07 | OVERDRAFT ITEM CHARGE | 30.00 | |
| 05/09 | LOAN PAYMENT | 170.84 | |
|  | TO   BL-0000000000075952 | | |
| 05/10 | AC-PAYCHEX EIB       -INVOICE | 167.76 | |
| 05/11 | CREDIT MEMO | | 20.00 |
| 05/11 | DEPOSIT TRANSACTION | | 13,200.00 |
| 05/11 | RETURNED CHECK # 00002198 | | 2,093.79 |
| 05/11 | AC-PAYCHEX TPS       -TAXES | 4,244.10 | |
| 05/14 | RETURNED CHECK # 00002218 | | 528.17 |
| 05/14 | RETURNED CHECK # 00002213 | | 2,093.79 |
| 05/14 | NSF ITEM CHARGE | 30.00 | |
| 05/17 | DEPOSIT TRANSACTION | | 5,000.00 |
| 05/18 | AC-PAYCHEX TPS       -TAXES | 1,272.63 | |
| 05/21 | DEPOSIT TRANSACTION | | 1,100.00 |

*(handwritten: Copia ... Paulo ... O Se USA A CONTA? DO PAY CHECK?)*

06/30/07

JOAO P JESUS
412 PASSAIC AVE
KEARNY NJ 07032

0475740475

```
PG    1
   30                                                                     CYCLE-001
```

```
*** CHECKING ***
ACCOUNT NUMBER    0475740475
PREVIOUS STATEMENT BALANCE AS OF 05/31/07 . . . . . . . . . .        3,960.95
     PLUS     9  DEPOSITS AND OTHER CREDITS . . . . . . . . . .      59,273.23
     LESS    40  CHECKS AND OTHER DEBITS . . . . . . . . . . . .     55,644.23
     LESS        CYCLE SERVICE CHARGE . . . . . . . . . . . . . .        25.00
CURRENT STATEMENT BALANCE AS OF 06/30/07 . . . . . . . . . . .        7,564.95
NUMBER OF DAYS IN THIS STATEMENT PERIOD      30
```

```
*** CHECK TRANSACTIONS ***
SERIAL   DATE      AMOUNT          SERIAL   DATE      AMOUNT
 1263    06/28   10,000.00          2246    06/11     446.24
 2228*   06/04    2,093.79          2247    06/13     484.61
 2229    06/05    1,750.00          2248    06/19     700.78
 2235*   06/05      815.34          2249    06/18     443.61
 2236    06/04      517.04          2250    06/19     396.09
 2237    06/05      465.17          2251    06/18     452.37
 2238    06/05      528.17          2252    06/19     490.95
 2239    06/06      573.44          2253    06/27   1,336.63
 2240    06/27    1,836.63          2256*   06/26     815.34
 2241    06/18    2,093.79          2257    06/25     505.75
 2242    06/13    1,750.00          2258    06/26     465.17
 2243    06/12      709.56          2259    06/26     528.17
 2244    06/11      437.68          2260    06/26     573.44
 2245    06/12      390.73          2263*   06/29     396.09
```

```
*** CHECKING ACCOUNT TRANSACTIONS ***
DATE        DESCRIPTION                        DEBITS         CREDITS
06/01 DEPOSIT TRANSACTION                                     7,500.00
06/01 AC-PAYCHEX TPS    -TAXES               974.24
06/06 BANK ADJUSTMENT--CREDIT                                 1,000.00
06/06 TR FR 475740475 TO 475926137         4,300.00
06/08 DEPOSIT TRANSACTION                                     6,682.50
06/08 AC-PAYCHEX TPS    -TAXES               3,705.98
06/11 AC-PAYCHEX EIB    -INVOICE               803.28
06/12 LOAN PAYMENT                             176.52
      TO   BL-0000000000075952
06/13 DEPOSIT TRANSACTION                                     1,972.50
06/13 DEPOSIT TRANSACTION                                     2,368.23
06/14 DEPOSIT TRANSACTION                                     5,000.00
06/15 AC-PAYCHEX TPS    -TAXES                 758.86
06/22 AC-PAYCHEX TPS    -TAXES               3,921.19
06/25 DEPOSIT TRANSACTION                                     1,300.00
06/27 DEPOSIT TRANSACTION                                     5,000.00
06/27 OVERDRAFT ITEM CHARGE                     60.00
06/28 DEPOSIT TRANSACTION                                    26,450.00
06/29 TR FR 475740475 TO 475741595           9,000.00
06/28 NSF FEE                                   52.00
06/29 NSF FEE                                   30.00
06/29 AC-PAYCHEX TPS    -TAXES                 937.37
06/30 CYCLE SERVICE CHARGE                      25.00
```

```
*** BALANCE BY DATE ***
05/31    3,960.95   06/01   10,486.71   06/04    7,875.88   06/05    4,307.20
06/06      433.76   06/08    5,410.28   06/11    4,322.89   06/12    3,046.05
06/13    5,142.17   06/14   10,142.17   06/15    9,383.32   06/18    6,393.55
```



0099
50-7044/2219

Date 12/21/07

Pay to the
Order of    S & C Cerwocle LLC   $ 5420.00

Five Thousand Four Hundred Twenty 00/100   Dollars

Provident Bank
09 - MANUET, N.Y. 10954

Memo   S.C. Cerwole LLC

C.AD Cherrs

⑆2219704431⑆ 10000494239⑈ 0099

J & P CONCRETE INC
16 FISHER AVENUE
NANUET NY 10954

1485

10-16-07

PAY TO THE ORDER OF _Jose C Jesus_ | $ 20,000

_Twenty Thousand_ _____ DOLLARS

Jose P Reis

⑈0011485⑈ ⑆021005086⑆ 096 25971 0⑈  /0000000000/

Page 1 of 1

100490420

# HSBC ⟨X⟩

M2                    SPRING VALLEY OFFICE

CHECKS LISTED HAVE BEEN  RETURNED UNPAID.
N THEY WERE PRESENTED FOR PAYMENT, YOUR ACCOUNT HAD INSUFFICIENT
DS. YOUR BALANCE ON 10/17/2007 WAS          $12,829.04
LUDING ANY APPLICABLE CHARGES.

| ACCOUNT# | AMOUNT OF CHARGE |
|---|---|
| 096 25971 0 | $33.00 |

PLEASE DEDUCT AMOUNT OF CHARGE
FROM YOUR CHECKBOOK BALANCE

| CHECK # | AMOUNT OF CHECK |
|---|---|
| 1485 | 20,000 00 |
| TOTAL AMOUNT OF CHECKS | 20,000 00 |

J&P CONCRETE INC
15 FISHER AVE
NANUET NY 10954-2603

E



# J & P CONCRETE INC
## Customer Balance Summary
### All Transactions



1:25 AM
10/30/07

out    A K H, INC.
          Clarkstow- Addition
       Total A K H, INC                              Oct 29, 07

       Abraham Meyer
          52 Blauvelt Rd - Monsey 10952                    890.00
                                                           890.00
       Total Abraham Meyer
                                                        6,900.00   → Done 10/31/07
       Danny Clap Landscaping                            5,900.00
          Montview
          New City
          Valley Cottage, NY                            19,440.00
          Verizon - Blue Hill DataCenter               108,015.00
          Danny Clap Landscaping - Other                24,519.25
       Total Danny Clap Landscaping                      19,660.00  ✱
                                                         14,852.00
       Davis Farms LLC
       Elmwood Realty, LLC                             186,486.25
       Estates at Roseland Corp.
       Goarany Developers Inc                           17,550.00
          Farid  Res. Rental Equip                       1,168.14
          Montebello NY                                 -3,400.00   Done 10/31/07

       Total Goarany Developers Inc
                                                        72,925.71
       Haverstraw Properties                            47,195.00  = 13 000, 00
       Herman Rosenwasser                              120,120.71
       Hillsdale Estates Corp
ul out    31 Oak Ter-Suffern                             3,687.50
          Hillsdale Estates Corp -- Other                3,900.00
       Total Hillsdale Estates Corp
                                                           204.00
l out  J N C Construction Corp                            121.35
          Buckman                                         325.35   Done 10/31
          J N C Construction Corp - Other
       Total J N C Construction Corp                    13,500.00  voided 10/31
                                                        13,164.00
       Jada Construction Inc
          74 Francis St-Spring Valley                   26,664.00
          Jada Construction Inc - Other
       Total Jada Construction Inc                       3,800.00   Dre
                                                         1,225.00
       Jorge Construction Inc.
          14 Cliff St -- Yonkers, NY                     5,025.00
       Total Jorge Construction Inc.
                                                           578.00
?      Karny Construction Inc.
       Key Construction                                    578.00
       M B W Builders Inc                                  600.00  ? Done 10/31
          Foudry Condiminium                             -286.00
       Total M B W Builders Inc
                                                         1,700.00
0      M Z M Corp                                                  Called 10/31
          10 Brevoort Dr. Pomona NY                      1,700.00
       Total M Z M Corp                                  8,495.00  cleared 11/31

       MAC  Home Builders LLC                            8,495.00
          Garage at GIGI La
          MAC Home Builders LLC - Other
       Total MAC  Home Builders LLC                     -1,235.00
                                                         1,235.00
       MAC Home Builders LLC
          GiGi Monsey                                       0.00   ?
       Total MAC Home Builders LLC
                                                         7,700.00
       MCP Management
       MIKE                                              7,700.00  Done 10/31
                                                         4,725.00  Done 10/31
                                                         5,625.00

out

20 016

rel out

l out

?

0 out

G